UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN A. PEMBERTON,<br><br>                Plaintiff,<br><br>    v.<br><br>CHERYL STRANGE and LISA FLYNN,<br><br>                Defendant. | CASE NO. 3:23-cv-05839-JNW-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is a prisoner serving a sentence at the Washington Correction Center, Shelton. He filed a *pro se* 42 U.S.C. § 1983 complaint against Defendants Cheryl Strange and Lisa Flynn alleging they violated his (1) Fourteenth Amendment rights by creating a vague policy that denies him extended family visits (EFV); and (2) Fifth Amendment right against self-incrimination by requiring him to make admissions to crimes he is still appealing. Dkt. 6.

The Court must review complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

1    Having reviewed the complaint, the Court recommends that it be DISMISSED with
2 prejudice for failure to state a claim upon which relief may be granted. Because this defect
3 cannot be remedied, the Court also recommends leave to file an amended complaint be DENIED.
4 *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the
5 denial of a motion to amend.").

6                                    **DISCUSSION**

7 **A.     The Complaint**

8    Plaintiff alleges in 2016 he married, was subsequently arrested and convicted of a sex
9 offense, and has been incarcerated since September 2018 in the Washington Department of
10 Corrections (DOC). Dkt. 6 at 10. Plaintiff contends he "continues to present his criminal case to
11 the Courts, to prove his innocence, which is currently pending in the Court of Appeals." *Id.* The
12 Court takes judicial notice the Washington Court of Appeals found Plaintiff's second personal
13 restraint petition (PRP) challenging his sex offense conviction is barred as successive and
14 transferred it to the Washington Supreme Court on June 14, 2022. *Matter of Pemberton*, 22
15 Wash.App.2d 1028 (Div. II, 2022).

16    In his complaint, Plaintiff contends he has twice been denied EFV with his wife pursuant
17 to DOC Policy 590.100. He claims this policy should be revised because it is "prejudicial and
18 discriminates" toward a specific group of prisoners—sex offenders. Dkt. 6 at 10. Plaintiff sues
19 Lisa Flynn alleging she authored the policy and sues Cheryl Strange contending she is
20 responsible for the "oversight of the policy being enforced." *Id.*

21    Plaintiff also contends the policy is vague and misleading because section 12 of the
22 Policy states prisoners convicted of a sex offense will be eligible for EFV if screened by SOTAP
23 and approved by the EFV review committee. *Id.* Plaintiff contends he has been rejected from

REPORT AND RECOMMENDATION - 2

EFV because he "refuses to [admit] to a crime that is still active in the Court of Appeals." He claims this violates his Fourteenth Amendment right to equal protection because no other "class of individuals" must similarly admit a crime in order to participate in EFV. *Id.* at 11.

Plaintiff also contends the Policy violates his rights because it excludes prisoners with a history of domestic violence from EFV. *Id.* at 13. Plaintiff contends he has not committed domestic violence against his current spouse and the DOC unfairly used no contact orders that were issued against him years ago. Dkt 13-14. Plaintiff contends he "served his time in prison and completed court ordered domestic violence classes" and thus his prior domestic violence matter should not disqualify him from participating in EFV.

**B.     Legal Standards**

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory

REPORT AND RECOMMENDATION - 3

1  responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.
2  658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the
3  plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).
4        Here Plaintiff's allegations DOC Policy 590.100 violates his constitutional rights fail
5  because it has long been held Prisoners do not enjoy a protected right to have or receive contact
6  visits with family members. As the Court of Appeal for the Ninth Circuit stated in *Dunn v.*
7  *Castro*, 621 F.3d 1196, 1202-03 (9th Cir. 2010), *citing Gerber v. Hickman*, 291 F.3d 617, 621
8  (9th Cir.2002) (en banc), "it is well-settled that prisoners have no constitutional right while
9  incarcerated to contact visits." *See also Valdez v. Woodford*, 308 Fed Appx. (9th Cir. 2009)
10  (Proper to dismiss due process claim for denial of visitation due to Plaintiff's sex-offender
11  convictions "because neither federal nor state law has created a protected interest in visitation.");
12  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996) (affirming dismissal of prisoner's claim
13  challenging regulation that denied him visits from persons other than his immediate family);
14  *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (holding prisoners do not have
15  a constitutional right to contact visitation privileges); *McKinnon v. Washington Department of*
16  *Corrections*, No. 21-5097-BHS-MLP, 2021 WL 4526814 (W.D. Wash., Aug. 5, 2021) (Report
17  and Recommendation adopted by *McKinnon v. Washington Department of Corrections*, No. 21-
18  5097-BHS-MLP, 2021 WL 452119 (W.D. Wash. Oct. 4, 2021)) (Rejecting claim DOC violated
19  Plaintiff's rights for denying his wife's application for Plaintiff to visit with his son).
20        Although prisoners do not have a constitutionally protected interest to contact visitation,
21  the Court has considered whether DOC Policy 590.100 created an expectation or interest that
22  Plaintiff was entitled to but which was improperly denied. *See Wilkinson v. Austin*, 545 U.S. 209,
23  221, (2005) (*citing Vitek v. Jones,* 445 U.S. 480, 493–94, (1980). State law establishes a liberty

REPORT AND RECOMMENDATION - 4

interest if it places substantive limitations on the exercise of official discretion. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Here, the Court finds Defendants did not apply DOC Policy 590.100 in a manner that exceeds its discretion. Assuming, without deciding that DOC Policy 590.100 creates an expectation or an interest in family visitation, Plaintiff's claims nonetheless fail. DOC Policy 590.100 states:

> An individual with any documented history/indicator of domestic violence will be excluded from EFV privileges with the following:
>
> a. The victim of the documented domestic violence, and
>
> b. Persons with a like relationship to the individual as a victim (e.g., individuals who a spouse/state registered domestic partner, intimate partner) will be precluded from visits with a spouse of state registered domestic partner."

As Plaintiff acknowledges, he "served his time in prison and completed court ordered domestic violence classes" related to a girlfriend. *See* Dkt. 6 at 14 ("It's ridiculous to think that Plaintiff's wife could be compared to a girlfriend Plaintiff had thirty years ago."). Plaintiff argues the domestic violence incident with his girlfriend is both dated and did not involve his current wife, and thus should not bar him from EFV with his wife. He thus disagrees with the DOC that his prior history of domestic violence is a basis to deny him visits with his wife.

However, while Plaintiff disagrees with the DOC about the application of his domestic violence history as a reason to deny him EFV with his wife, there can be no disagreement that Plaintiff has a "history/indicator" of domestic violence which under DOC Policy 59.100 precludes him from EFV visitation with his wife. The Court finds that this is not a case in which Plaintiff was entitled to EFV visitation because he met the visitation criteria set forth in DOC Policy 590.100. To the contrary, the Court finds Plaintiff's history of domestic violence

REPORT AND RECOMMENDATION - 5

precludes EFV visitation, and that the DOC therefore cannot be said to have exceeded its discretion as set forth under the Policy.

In sum, because Plaintiff lacks a constitutionally protected right to EFV visitation, and because DOC did not violate an expected right by exceeding its discretion under the Policy in to deny visitation, Plaintiff's claims fail and should be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 18, 2023.** The Clerk should note the matter for **October 20, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of October, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge