UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN A. PEMBERTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHERYL STRANGE, Washington State Department of Corrections Secretary, LISA FLYNN, Washington State Department of Corrections Program Manager,<br><br>　　　　　Defendants. | CASE NO. 3:23-cv-5839<br><br>ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |

## 1.  INTRODUCTION

Before the Court is the Report and Recommendation (R&R) of the Honorable Brian A. Tsuchida, U.S. Magistrate Judge for the Western District of Washington, recommending that the Court dismiss Plaintiff Steven Pemberton's case with prejudice. Dkt. No. 7. Pemberton objects. Dkt. No. 8. For the reasons explained below, the Court adopts the R&R and DISMISSES Pemberton's case with prejudice.

ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION - 1

## 2. BACKGROUND

The R&R recounts the facts of this case. In sum, Pemberton has been married since 2016. Dkt. No. 7. He was convicted of a sex offense and incarcerated in 2018. *Id.* Pemberton has a personal restraint petition before the Washington Court of Appeals, but his complaint in this matter relates to the Washington Department of Corrections decision denying him access to extended family visits (EFV) based on DOC policy 590.100. *Id.* Pemberton sues Defendants alleging they are responsible for enforcing the policy, which according to him, discriminates against him as a sex offender and denies him constitutional rights, including for refusing to admit to a crime still under review in the Court of Appeals. *Id.*

## 3. DISCUSSION

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The R&R found that Pemberton lacked a constitutionally protected right to EFV and that, in denying visitation, DOC did not violate an expected right. Dkt. No. 7 at 6. Pemberton objects on four grounds. Dkt. No. 8.

First, Pemberton argues the R&R fails to recognize that his latest Personal Restraint Petition (PRP), Case No. 58275-9-II, remains pending with the Washington Court of Appeals. *Id.* at 1. Given his ongoing proceedings, Pemberton argues DOC's policy violates the Constitution because it "force[s] an individual to

incriminate[] himself" before post-conviction relief efforts are final. *Id.* But he raised this same argument in his complaint, alleging "[i]ndividiuals convicted of murder, manslaughter, homicide, assaults, robbery, burglary and every other may participate in [EFV] without . . . admitting to crimes that they are incarcerated for . . . [while] sex offenders must admit to their crime or be excluded from participating in this program[.]" Dkt. No. 6 at 11. This allegation does not change the R&R's analysis because, as it explains, Pemberton lacks a constitutionally protected right to EFV visitation.

Second, Pemberton argues Defendants Lisa Flynn and Cheryl Strange can be held liable because they authored and approved the policy. Dkt. No. 8 at 2. Again, because Pemberton lacks a constitutionally protected right to EFV, Flynn and Strange cannot be held liable for a policy restricting it.

Third, Pemberton concedes "there is no federal or state law protecting the interest in visitation," but argues that because DOC "set guidelines and criteria[] for individuals to participate in various forms of visitation" that discriminate against sex offenders, the policy is prejudicial. This objection merely restates Pemberton's original allegations, already addressed by the R&R. *See* Dkt. No. 7 ("Here Plaintiff's allegations DOC Policy 590.100 violates his constitutional rights fail because it has long been held Prisoners do not enjoy a protected right to have or receive contact visits with family members."). Pemberton's own concession dooms his argument; thus, his objection does not raise any new issues for the Court to address.

Finally, Pemberton objects to the R&R's failure to quote Section 11 of DOC Policy 590.100, which states that "an applicant with any documented history/indicator of domestic violence against any person of a like relationship to the individual may be excluded from participating in an EFV." Dkt. No. 8 at 3. But, again, Pemberton overlooks the R&R's analysis of this exact section. The R&R found that "while [Pemberton] disagrees with the DOC about the application of his domestic violence history as a reason to deny him EFV with his wife, there can be no disagreement that [Pemberton] has a 'history/indicator' of domestic violence which under DOC Policy 59.100 precludes him from EFV visitation with his wife," so DOC did not exceed its discretion in denying Pemberton's request. Dkt. No. 7 at 5. This Court agrees.

### 4. CONCLUSION

Accordingly, having reviewed the R&R, Pemberton's objections, and the remaining record, the Court finds and ORDERS:

4.1   The Court ADOPTS the Report and Recommendation.

4.2   This case is dismissed with prejudice.

4.3   The Clerk is directed to send copies of this Order to Judge Tsuchida and the parties.

Dated this 21st day of June, 2024.

Jamal N. Whitehead
United States District Judge